UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JAIME COLON,** and
other similarly-situated individuals,

    Plaintiff,

v.

**LOOMIS ARMORED US, LLC**,

    Defendant.

Case No.:

## COMPLAINT

  NOW COMES the Plaintiff, JAIME COLON, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant LOOMIS ARMORED US, LLC, and hereby alleges the following causes of action:

## INTRODUCTION

  1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, JAIME COLON, individually and on behalf of all similarly situated persons employed by Defendant, LOOMIS ARMORED US, LLC (hereinafter referred to as "Defendant" or "LOOMIS ARMORED"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, state contract law and New York wage and hour laws.

  2. This action seeks to recover money damages for unpaid overtime wages.

  3. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 (b) for jurisdictional placement) ("the Act" or "FLSA").

4.      This lawsuit also asserts claims against Defendant LOOMIS ARMORED for violations of New York Minimum Wage Laws, including 12 NYCRR § 142-2.4 (Failure To Pay Spread of Hours); NY CLS Labor § 191 (Failure To Pay Agreed Wages); NY CLS Labor § 652 (Failure To Pay Minimum Wages); and 12 NYCRR § 142-2.2 (Failure To Pay Overtime Wages).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as Plaintiff's federal law claims.

6.      Plaintiff is a resident of Godeffroy, New York.

7.      Plaintiff is currently employed as a driver/messenger for Defendant and a covered employee for purposes of the FLSA.  Plaintiff's consent to sue form is attached as *Exhibit A*.

8.      Corporate Defendant LOOMIS ARMORED is a Texas limited liability corporation, having its main place of business in Houston, Texas, but conducting regular and ongoing business activities in Orange County, New York.  Defendant is within the jurisdiction of this Honorable Court and at all times material hereto was and is engaged in interstate commerce.

9.      According to its website, LOOMIS ARMORED's history dates back over 160 years with roots in the American west.  Just as the pioneers who settled the west and the Alaska frontier depended on Defendant for secure, reliable transport, today's business community counts on Loomis for comprehensive cash handling solutions.  With a broad range of services, nationwide coverage, and strategic application of technology, Defendant offers opportunities to achieve greater profitability and reduce risk.  *See http://www.loomis.us/aboutus.aspx*.

10.     LOOMIS ARMORED "operates the nation's largest integrated cash distribution network, with nearly 200 operating locations and over 8,000 Teammates."  Defendant utilizes a fleet of approximately 3,000 vehicles to provide cash handling products and services to financial institutions and commercial/retail businesses.  *See http://www.loomis.us/aboutus.aspx*.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs drivers/messengers in this district, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

12.    Defendant LOOMIS ARMORED is a secured transportation company engaged in the business of providing armored vehicle transportation and protection of currency, negotiable documents and valuables for its clients—mostly financial institutions, commercial and retail businesses.  Defendant also provides other related security services.

13.    Defendant LOOMIS ARMORED employed Plaintiff JAIME COLON as a messenger/guard from approximately January 13, 2015 to present.  Plaintiff was an hourly non-exempt employee, and his wage rate was $13.78 an hour.  Plaintiff's overtime rate should be $20.67 per hour.

14.    The work of Plaintiff and other similarly situated employees did not affect the safety of operations of motor vehicles weighing more than 10,000 pounds on transportation on public highways in interstate or foreign commerce.

15.    Particularly, Plaintiff often performed as a messenger and rode in a small van weighing less than 10,000 pounds.  Occasionally, and during the same week, Plaintiff performed his duties in a vehicle weighing 10,000 pounds or more.

16.    Plaintiff and other similarly situated messengers/guards are non-exempted by Section 13(b)(1) of the FLSA.

17.    Plaintiff and other similarly situated individuals are not within the authority of the Secretary of Transportation because their job duties are, in part, under the "Small Vehicle Exemption" of Section 13(b)(1).

18.     Furthermore, the Highway Technical Corrections Act ("HTCA") of 2007 states that the overtime protections of the FLSA "shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1))."     HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec S 3106, 3134.

19.     The HTCA defines "covered employee" as an individual "whose work, in whole or in part," "performs duties on motor vehicles weighing 10,000 pounds or less."  HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec S 3106, 3135.

20.     Consequently, Plaintiff and other similarly situated messengers/guards are covered employees under the overtime provisions of Section 7(a) of the FLSA, and they are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week.

21.     Throughout his time of employment with Defendant LOOMIS ARMORED, Plaintiff frequently worked over 40 hours in a single work week.  However, Plaintiff was not paid at the rate of one-and-a-half times his regular rate for every hour in excess of 40 in a week period as provided by law.

22.     Plaintiff seeks to recover half-time unpaid overtime wages accumulated since his first day of employment, liquidated damages, attorney's fees and costs, and any other relief he and those similarly situated are entitled to by law.

23.     The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     This action is brought by Plaintiff JAIME COLON and those similarly situated to recover from Defendant LOOMIS ARMORED unpaid half-time overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. §§ 206-207.

25.     Plaintiff brings this action pursuant to § 216(b) of the FLSA, on behalf of the following putative collective group:

> *All individuals employed by Defendant as an hourly armored vehicle driver or messenger who currently work or have worked for Defendant and drove a vehicle weighing less than 10,000 pounds in the past three years.*

(hereinafter referred to as the "FLSA Collective").  Plaintiff reserves the right to amend this definition if necessary.

26.     Excluded from the proposed FLSA Collective are Defendant LOOMIS ARMORED's exempt executives, administrative and professional employees, including computer professionals and outside sales persons, and any employees who are exempt under the Motor Carrier Exemption, Section 13(b)(1) of the FLSA.

27.     29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28.     Defendant LOOMIS ARMORED was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

29.     Defendant LOOMIS ARMORED provides armored car transportation services,

and through its business activity, affects interstate commerce.

30.    Defendant LOOMIS ARMORED has more than two employees directly and recurrently engaged in interstate commerce.

31.    At all times pertinent to this Complaint, Defendant LOOMIS ARMORED operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states.

32.    Defendant LOOMIS ARMORED obtains and solicits funds from non-New York sources, accepts funds from non-New York sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of New York.

33.    The annual gross revenue of Defendant LOOMIS ARMORED was at all times material hereto in excess of $500,000 per annum.

34.    Defendant LOOMIS ARMORED's business activities involve those to which the FLSA applies. Therefore, there is enterprise coverage.

35.    Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated, regularly and recurrently participated directly in interstate commerce by handling and transporting currency, checks and valuables for further movement or transmittal to out of state entities. These activities constitute practical continuity of movement across State lines.  Therefore, there is individual coverage.

36.    While employed by Defendant LOOMIS ARMORED, Plaintiff regularly worked in excess of forty (40) hours in a workweek without being compensated at the rate of not less than one-and-one-half times the regular rate at which he was employed for the hours worked in

6

excess of forty (40).

37.    Plaintiff was employed as non-exempt messenger/driver as an hourly employee, performing the same or similar duties of those other similarly-situated personnel who Plaintiff observed worked in excess of 40 hours per week without being paid overtime hours.

38.    The job duties of an armored truck driver/messenger include driving to and from clients' businesses, picking up and dropping off money/valuables, guarding the vehicle, and driving to and from banks to drop off money/valuables.

39.    Plaintiff and those similarly situated were entitled to be paid for overtime hours because of the "Small Vehicle exemption" of Section 13 (b)(1) of the FLSA and The Highway Technical Corrections Act of 2007.

40.    Defendant LOOMIS ARMORED's failure to pay Plaintiff and all current and former employees similarly situated at a rate not less than one-and-one-half times the rate at which they are employed for work performed beyond the forty-hour workweek is contrary to the provisions of Section 7 (a) of the FLSA (29 U.S.C. § 207(a) (1)).

41.    The records, concerning the number of hours actually worked by Plaintiff, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant LOOMIS ARMORED.

42.    As stated above, Plaintiff, JAIME COLON, frequently worked in excess of forty hours in a workweek, but was not paid the federally mandated overtime rate of one-and-one-half times his regular hourly rate.  For example, for the pay period of April 13, 2015 to April 26, 2015, Plaintiff JAIME COLON worked 94.4 hours.  He was paid straight time for each of those hours.  Similarly, for the pay period of March 16, 2015 to March 29, 2016, Plaintiff worked 102.17 hours.  Again, he was paid straight time and no overtime at one-and-one-half his regular

hourly rate for any of the hours worked.  *See, Exhibit B, Plaintiff's Pay Stubs*.

43.     Plaintiff, and all current and former employees similarly situated, generally work a fixed schedule that starts around 6:30 a.m. and does not end until every assigned delivery route has been completed for the day, which often results in a shift in excess of ten hours in a single day.

44.     At all times material hereto, the Defendant LOOMIS ARMORED failed to comply with 29 U.S.C. §207(a)(1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45.     Defendant LOOMIS ARMORED knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the FLSA and remains owing Plaintiff and those similarly-situated these overtime wages.

46.     Defendant LOOMIS ARMORED willfully and intentionally refused to pay Plaintiff and those similarly situated overtime wages as required by the law.

47.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and Defendant LOOMIS ARMORED is obligated to pay reasonable attorneys' fees on his behalf.

48.     The undersigned also seeks to represent the interests of those similarly situated individuals in this collective action, pursuant to 29 U.S.C. §216(b).

## RULE 23 NEW YORK CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following putative Class:

> *All individuals employed by Defendant as an hourly armored*
> *vehicle driver or messenger who currently work or have worked*
> *for Defendant and drove a vehicle weighing less than 10,000*
> *pounds in the past six years.*

(hereinafter referred to as the "New York Class"). Plaintiff reserves the right to amend this definition if necessary.

50. Excluded from the proposed New York Class are Defendant LOOMIS ARMORED's exempt executives, administrative and professional employees, including computer professionals and outside sales persons, and any employees who are exempt under the Motor Carrier Exemption, Section 13(b)(1) of the FLSA.

51. The putative Class members from across the country are so numerous that joinder of all members in the case would be impracticable.

52. There is a well-defined community of interest among Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

a.  Whether messengers/drivers were compensated at a rate of one-and-one- half times their regular hourly rate for all hours worked in excess of forty in a workweek pursuant to New York state wage and hour laws;

b.  Whether Defendant employed Plaintiff and the Rule 23 New York Class within the meaning of the New York Minimum Wage Laws, 12 NYCRR §§ 142-1, *et seq.*, and New York Labor Law, NY CLS Labor § 162;

c.  Whether Defendant unlawfully failed to pay spread of hours in violation of, and within the meaning of, 12 NYCRR § 142-2.4;

d.  Whether Defendant unlawfully failed to pay agreed wages in violation of, and within the meaning of, NY CLS Labor § 191;

e.  Whether Defendant unlawfully failed to pay minimum wages in

violation of, and within the meaning of NY CLS Labor § 65;

f.  Whether Defendant unlawfully failed to pay overtime wages in violation of and 12 NYCRR § 142-2.2;

g.  Whether Defendant failed to keep accurate time and payroll records for Plaintiff and the Rule 23 New York Class;

h.  Whether Defendant's policy of failing to pay the overtime and minimum wage was instituted willfully or with reckless disregard of the law;

i.  The proper measure of damages sustained by Plaintiff and the Rule 23 New York Class; and

j.  Whether Defendant should be enjoined from such violations in the future.

53.     Plaintiff's claims are typical of claims of the Rule 23 New York Class they seek to represent in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.

54.     Plaintiff's claims arise from Defendant's similar policies, practices, and course of conduct as all other Rule 23 New York Class members' claims and Plaintiff's legal theories are based on the same or similar facts.

55.     Plaintiff will fully and adequately protect the interests of the Rule 23 New York Class and has retained national counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions.  Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Classes.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

57.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant LOOMIS ARMORED has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

58.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

59.     Because Defendant LOOMIS ARMORED acted and refused to act on grounds that apply generally to the Rule 23 New York Class and declaratory relief is appropriate in this case with respect to the Rule 23 New York Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

60.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

> *All individuals employed by Defendant as an hourly armored vehicle driver or messenger who currently work or have worked for Defendant and drove a vehicle weighing less than 10,000 pounds in the past six years.*

(hereinafter referred to as the "Rule 23 Nationwide Class").  Plaintiff reserves the right to amend this definition if necessary.

61.     Excluded from the proposed Rule 23 Nationwide Class are Defendant LOOMIS ARMORED's exempt executives, administrative and professional employees, including

computer professionals and outside sales persons, and any employees who are exempt under the Motor Carrier Exemption, Section 13(b)(1) of the FLSA.

62.     The members of the Rule 23 Nationwide Class are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical.  Plaintiff reasonably estimates there are thousands of Rule 23 Nationwide Class members.  Rule 23 Nationwide Class members should be easy to identify from Defendant LOOMIS ARMORED's computer systems and electronic payroll and personnel records.

63.     There is a well-defined community of interest among Rule 23 Nationwide members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class.  These common legal and factual questions, include, but are not limited to, the following:

a.   Whether Defendant's non-payment of wages for all compensable time amounted to a breach of contract; and

b.   Whether Defendant owes Plaintiff and Rule 23 Nationwide Class compensation for hours worked in a workweek that fall below the 40 hour per week threshold.

64.     Plaintiff's claims are typical of those of the Rule 23 Nationwide Class in that they and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of the Defendant LOOMIS ARMORED's common and systemic payroll policies and practices.

65.     Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Nationwide Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

66.     Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and he retained counsel who are qualified and experienced in the prosecution of

nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class

67.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.  Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

68.     This case will be manageable as a Rule 23 Class action.  Plaintiff and his counsel know of no unusual difficulties in this case and Defendant LOOMIS ARMORED and its corporate clients all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease

69.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

70.     Because Defendant LOOMIS ARMORED acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## NATIONWIDE BREACH OF CONTRACT

71.     Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

72.    At all times relevant to this action, Defendant LOOMIS ARMORED had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regularly hourly rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed on LOOMIS ARMORED's behalf.

73.    Each Rule 23 Nationwide Class member's contractual hourly rate is identified in paystubs and other records that LOOMIS ARMORED prepares as part of its regular business activities.

74.    Upon information and belief, each Rule 23 Nationwide Class member, including Plaintiff, has an hourly rate of approximately $13.25 per hour.

75.    Plaintiff and every other Rule 23 Nationwide Class member performed under the contract by doing their jobs and carrying out the work they performed each shift including the unpaid work that was required of them.

76.    By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the work they performed at their time-and-a-half rate for each hour over 40 in a workweek, LOOMIS ARMORED systematically breached its contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

77.    Plaintiff's and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent LOOMIS ARMORED paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

78.    LOOMIS ARMORED also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Nationwide Class members spent

performing the off-the-clock activities, which is a fundamental part of an "employer's job."

79.    As a direct and proximate result of LOOMIS ARMORED's breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Nationwide Class has been damaged, in an amount to be determined at trial.

80.    These claims are appropriate for nationwide class certification under Rules 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States.

<u>COUNT II</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF THE FLSA:</u>
<u>FAILURE TO PAY OVERTIME</u>

81.    Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

82.    At all times relevant to this action, Defendant LOOMIS ARMORED "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

83.    Defendant LOOMIS ARMORED's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

84.    Defendant LOOMIS ARMORED's employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

85.    The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.  *See* 29 U.S.C. § 207.

86.    Plaintiff worked substantial amounts of overtime per week while employed by Defendant LOOMIS ARMORED.

87.     Defendant LOOMIS ARMORED violated the FLSA by failing to pay Plaintiff overtime compensation, at the rate of one and one-half times his regular hourly rate, for all hours worked in excess of 40 per workweek.

88.     Plaintiff was not exempt from the overtime pay requirements of the FLSA.

89.     The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees).  *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq.*

90.     Defendant LOOMIS ARMORED's violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements.

91.     As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendant LOOMIS ARMORED including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT III
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF THE FLSA:
## FAILURE TO PAY  MINIMUM WAGE

92.     Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

93.     Defendant LOOMIS ARMORED failed to pay Plaintiff and other putative members of the FLSA Collective for all hours worked, thereby lowering their weekly compensation below the federal minimum wage.

94.     The time Defendant LOOMIS ARMORED failed to pay Plaintiff under New York's "spread of hours law," 12 NYCRR § 142-2.4, also constitutes a minimum wage violation under the FLSA.

95.     Defendant LOOMIS ARMORED's conduct and practices, described herein,

were/are willful, intentional, unreasonable, arbitrary and in bad faith.

96.      Because Defendant LOOMIS ARMORED willfully violated the FLSA, a three

(3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

97.      As a result of the foregoing, Plaintiff and other putative members of the FLSA

Collective were illegally denied proper minimum wages earned, in such amounts to be

determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages,

costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

**COUNT IV**
**RULE 23 NEW YORK CLASS ACTION: VIOLATIONS OF THE**
**NEW YORK LABOR LAW, 12 NYCRR § 142-2.4**
**FAILURE TO PAY SPREAD OF HOURS**

98.      Plaintiff re-adopts each and every factual allegation as stated in the paragraphs

above as if set out in full herein.

99.      Although Plaintiff regularly worked shifts that exceeded 10 hours, Defendant

did not pay Plaintiff the "extra" hour of pay at the minimum wage he was due.

100.     12 NYCRR § 142-2.4 provides:

> An employee shall receive one hour's pay at the basic minimum
> hourly wage rate, in addition to the minimum wage required in this
> Part for any day in which:
>
> (a)  the spread of hours exceeds 10 hours; or
> (b)  there is a split shift; or
> (c)  both situations occur.

101.     12 NYCRR § 142-2.18 states: "The spread of hours is the interval between the

beginning and end of an employee's workday. The spread of hours for any day includes working

time plus time off for meals plus intervals off duty."

102.     On some days, the interval between the beginning and end of Plaintiff's workday

exceeded ten (10) hours.

103.    Defendant LOOMIS ARMORED never paid Plaintiff an additional hour's pay at the New York minimum wage.

104.    Defendant LOOMIS ARMORED's conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

105.    As a result of the foregoing, Plaintiff was illegally deprived of spread-of-hours and split-shift compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 663(1).

**COUNT V**
**RULE 23 NEW YORK CLASS ACTION:**
**NY CLS LABOR § 191 – FAILURE TO PAY AGREED WAGES**

106.    Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

107.    NY CLS Labor § 191(d) provides that a "clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

108.    Plaintiff meets the statutory definition of "clerical and other worker." *See* NY CLS Labor § 190(7).

109.    Defendant LOOMIS ARMORED agreed to pay Plaintiff a rate of approximately $13.78 per hour for each hour he was clocked into Defendant's timekeeping system.

110.    Defendant LOOMIS ARMORED failed to pay Plaintiff $13.78 for each hour he was clocked into Defendant's timekeeping system

111.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 198(3).

112.    Defendant LOOMIS ARMORED's conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

113.    As a result of the foregoing, Plaintiff was illegally deprived of agreed wages earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(1-a).

## COUNT VI
## RULE 23 NEW YORK CLASS ACTION:
## NY CLS LABOR § 652 - FAILURE TO PAY MINIMUM WAGES

114.    Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

115.    NY CLS Labor § 652 provides:

Every employer shall pay to each of its employees for each hour worked a wage of not less than:
…
$8.00 on and after December 31, 2013,
$8.75 on and after December 31, 2014,
$9.00 on and after December 31, 2015….

116.    Defendant LOOMIS ARMORED failed to pay Plaintiff the New York State minimum wage for each hour of work he performed.

117.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 663(3).

118.    Defendant LOOMIS ARMORED's conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

119.    As a result of the foregoing, Plaintiff was illegally deprived of minimum wages earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid

amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 663(1).

### COUNT VII
### RULE 23 NEW YORK CLASS ACTION:
### 12 NYCRR § 142-2.2 – FAILURE TO PAY OVERTIME WAGES

120.    Plaintiff re-adopts each and every factual allegation as stated in the paragraphs above as if set out in full herein.

121.    12 NYCRR § 142-2.2 provides that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA.

122.    Plaintiff worked over forty (40) hours in many weeks.

123.    Defendant failed to pay Plaintiff time and a half (1.5) of her regular rate of pay for all hours in a work week in excess of forty (40).

124.    A six (6) year statute of limitation applies to each such violation pursuant to NY CLS Labor § 663(3).

125.    Defendant's conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

126.    As a result of the foregoing, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a.    An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to

Plaintiff's breach of contract claim (Count I)

b.    An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts II and III);

c.    An Order certifying this action as a class action (for the Rule 23 New York Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Defendant's violations of New York law: 12 NYCRR § 142-2.4 – Failure To Pay Spread of Hours (Count IV); NY CLS Labor § 191 – Failure To Pay Agreed Wages (Count V); NY CLS Labor § 652 – Failure To Pay Minimum Wages (Count VI); and 12 NYCRR § 142-2.2 – Failure To Pay Overtime Wages (Count VII);

d.    An Order compelling LOOMIS ARMORED to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and requiring Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

e.    An Order designating Plaintiff as the representative of the FLSA collective action Class; the Rule 23 New York Class; and the Rule 23 Nationwide Class; and undersigned counsel as Class counsel for the same;

f.    An Order declaring Defendant LOOMIS ARMORED violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g.    An Order declaring Defendant LOOMIS ARMORED's violations of the FLSA were willful;

h.    An Order declaring Defendant LOOMIS ARMORED breached its contract with Plaintiff and the members of the Rule 23 New York Class and Rule 23 Nationwide Class, by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

i.    An Order granting judgment in favor of Plaintiff and against LOOMIS ARMORED and awarding Plaintiff and the collective action Class; the Rule 23 Nationwide Class and the Rule 23 New York Class the full amount of damages and liquidated damages available by law;

j.    An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

k.    An Order awarding pre- and post-judgment interest to Plaintiff on these

damages;

l.       Judgment for statutory penalties pursuant to NY CLS Labor §§ 198 1-b and 1-d;.

m.      Judgment for liquidated damages pursuant to the NYLL;

n.       An incentive award for serving as a representative of other similarly situated employees; and

o.       An Order awarding such other and further relief as this Court deems appropriate.


## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.


Dated:  September 20, 2016

                    Respectfully submitted,

                    */s Nicholas R. Conlon*

                    **JTB LAW GROUP, LLC**
                    Jason T Brown (*NY Bar ID# 4389854*)
                    Jtb@jtblawgroup.com
                    Nicholas R Conlon (*NY Bar ID# 801616*)
                    Nicholasconlon@jtblawgroup.com
                    (877) 561-0000 (office)
                    (855) 582-5297 (fax)

                    *Local Counsel for Plaintiff*

                    and

                    **SOMMERS SCHWARTZ, P.C.**
                    Matthew L. Turner (Pending Pro Hac Vice)
                    MI Bar No. P48706
                    Neil B. Pioch (Pending Pro Hac Vice)
                    MI Bar No. P67677
                    Charles R. Ash, IV (Pending Pro Hac Vice)
                    MI Bar No. P73877

One Towne Square, Suite 1700
Southfield, Michigan 48076
248-355-0300
mturner@sommerspc.com
npioch@sommerspc.com
crash@sommerspc.com

and

**JOHNSON BECKER, PLLC**
Timothy J. Becker (Pending Pro Hac Vice)
(MN Bar No. 256663)
David H. Grounds (Pending Pro Hac Vice)
(MN Bar No. 0285742)
Jacob R. Rusch (Pending Pro Hac Vice)
(MN Bar No. 391892)
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
T: 612-436-1800

*Trial Counsel for Plaintiff*