

**MATTHEW L. TURNER**
Attorney at Law

Direct Phone: 248-746-4039
Direct Fax:   248-936-1973
mturner@sommerspc.com

June 29, 2018

**VIA ECF AND VIA FACSIMILE (212) 805-7942**

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

      Re:    Jaime Colon v. Looms Armored US, LLC
             Case No: 16-CV-7350 (AKH)

Dear Judge Hellerstein:

Plaintiff Jaime Colon ("Plaintiff"), the Opt-In Plaintiffs and Defendant Loomis Armored US, LLC ("Defendant") jointly request your Honor approve the parties' Settlement Agreement and General Release ("Settlement Agreement") reached in this matter regarding the two remaining claims in this case. The parties further request that Your Honor dismiss the remaining two claims in their entirety with prejudice.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiff was employed to transport cash in Loomis armored vehicles, or "Standard Route Trucks," which weigh well in excess of 10,000 pounds. Because his primary work activity was regulated by the federal Department of Transportation, Loomis classified him as exempt under the Motor Carrier Act ("MCA") exemption, 29 U.S.C. § 213(b)(1). Plaintiff asserts, however, that he occasionally was required to drive a van or a car that weighed under 10,000 pounds, and therefore, his job during those particular workweeks fell within the "small vehicle exception" to the MCA exemption.

On September 20, 2016, Plaintiff filed a Complaint against Defendant, alleging the following:

- Breach of Contract – Count I
- FLSA, Failure to Pay Overtime – Count II
- FLSA, Minimum Wage Violation – Count III
- New York Labor Law, Spread of Hours – Count IV
- New York Labor Law, Failure to Pay Agreed Wages – Count V
- New York Labor Law, Failure to Pay Minimum Wages – Count VI
- New York Labor Law, Failure to Pay Overtime – Count VII

WWW.SOMMERSPC.COM   |   ONE TOWNE SQUARE, 17TH FLOOR, SOUTHFIELD, MI 48076   |   MAIN: 248-355-0300   |   FAX: 248-746-4001

MEDICAL MALPRACTICE   |   BIRTH INJURY   |   PERSONAL INJURY   |   CLASS ACTION   |   EMPLOYMENT   |   COMMERCIAL LAW & INTELLECTUAL PROPERTY



Page 2

(Doc. 1). Your Honor ordered the dismissal without prejudice of Counts I, III, IV, V and VI of the Complaint pursuant to the Stipulation and Order of Dismissal Without Prejudice filed on April 21, 2017. (Doc. 43).

The Court conditionally certified this action as a representative collective action under the FLSA, pursuant to the Orders Conditionally Certifying Collective filed on May 11, 2017 and June 29, 2017. (Docs. 45, 60). Two Hundred and Eighty Three individuals filed Consent to Join forms and thereby became Opt-In Plaintiffs in this action with regard to Count II, which alleges failure to pay overtime under the FLSA.

Loomis produced voluminous records showing the vehicles operated or ridden in, and the hours worked, by the Plaintiff and the Opt-In Plaintiffs. The parties analyzed these records and determined that $240,738.58 worth of alleged monetary damages are at issue regarding the alleged overtime violations still pending in this case. This number includes a three-year look back window and full liquidated damages. 107 Opt-In Plaintiffs are not due any monetary damages pursuant to this analysis.

On June 6, 2018, the parties came to a settlement in principle of $394,063.58 to resolve all of the remaining claims alleged in the Complaint. This amount: (a) is fair to all parties; (b) reasonably resolves bona fide disagreements between the parties with regard to the merits of the parties' respective claims; and (c) demonstrates a good faith intention by the parties to fully and finally resolve all claims for liability and damages, and not re-litigate in whole or in part, such claims in the future.

On June 14, 2018, the parties finalized their written Settlement Agreement. The Settlement Agreement is attached hereto as Exhibit 1. By agreeing to these terms, Plaintiff, the Opt-In Plaintiffs and Defendant do not admit that they violated common law or any federal, state, or local law, rule, regulation, or ordinance, but the parties acknowledge that Plaintiff shall be considered the prevailing party for the purpose of awarding attorney fees and costs.

## II.    FAIRNESS OF THE PROPOSED SETTLEMENT AGREEMENT

Parties cannot privately settle FLSA claims with prejudice absent the approval of the District Court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In order to obtain approval, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

"In determining whether the proposed settlement is fair and reasonable, a court should consider


Page 3

the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky* v. *Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Sbc*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010). Here, the parties meet all five factors.

### A. The Settlement Amount Represents More Than The Amount of Maximum Exposure Related to The Pending Claims

If Plaintiff and the Opt-In Plaintiffs were to prevail on all of their remaining claims, their damages, including liquidated damages, would total $235,660. The gross settlement amount in the Settlement Agreement is $394,063.58, and the breakdown of this amount is as follows:

- $235,660 to settle with 176 Opt-In Plaintiffs pursuant to the damages analysis.
- $50,825 to settle with the remaining 107 Opt-In Plaintiffs.
- $100,000 to settle costs/fees.
- $7,578.58 to settle with Plaintiff Colon.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes*.*" *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The Settlement Agreement reached by the parties is fair and was reached after extensive settlement discussions. In addition, the Settlement Agreement awards attorney fees and expenses, and provides, with certainty, unpaid wages and liquidated damages. Here, the settlement amount is fair given the stated maximum recovery for the remaining claims.

### B. Settlement Will Enable the Parties to Avoid Burdens and Expenses

Settling the Plaintiff and Opt-In Plaintiffs' remaining claims at this point will avoid continuing litigation costs for both parties. *Wolinsky*, 900 F. Supp. 2d at 335. Had this action not settled, numerous depositions would take place, including the depositions of Plaintiff, the Opt-In Plaintiffs, a FRCP 30(b)(6) corporate representative for Defendant, and a number of other non-party witnesses. Moreover, the parties would have engaged in more extensive document discovery. Finally, there would have been the potential for extensive motion practice, including a motion for summary judgment. Settlement at this point will obviate such time-consuming and expensive



Page 4

litigation. The parties meet the second *Wolinsky* factor.

   C.   **Settlement Avoids the Very Real Litigation Risks Faced by the Parties**

The Settlement Agreement accounts for the parties' respective risks in proceeding with the litigation. *Wolinsky*, 900 F. Supp. 2d at 335. Defendant risks an adverse judgment against them and fact-finder believing Plaintiff and the Opt-In Plaintiffs' allegations regarding the vehicles they operated or rode in, and the hours they worked. On the other hand, Plaintiff and/or some of the Opt-In Plaintiffs may not win their case-in-chief, and the fact-finder, instead, may determine that Defendant produced documents and testimony demonstrate that Plaintiff and/or some of the Opt-In Plaintiffs are due nothing. The risk of going to trial is substantial. In light of these litigation risks, the decision to forgo the burden and expense of moving for summary judgment and/or trial is reasonable.

   D.   **The Settlement Agreement is the Product of Arm's-Length Bargaining Between Experienced Counsel**

The terms of the Agreement were reached through arm's-length negotiations between the parties' respective counsel after engaging in significant investigation and due diligence regarding the merits of the parties' claims and their likelihood of success at trial. There is no doubt that the parties were informed about the strengths and weaknesses of their positions.

Plaintiff and the Opt-In Plaintiffs have been vigorously represented by Matthew L. Turner and Charles Robert Ash, IV, of the Law Offices of Sommers Schwartz, P.C., as well as Jason T. Brown and Nicholas R. Conlon of JTB Law Group, LLC, who are dedicated practitioners of wage and hour litigation. Defendant has been represented by Andrew J. Voss and Houston A. Stokes from Littler Mendelson, P.C. – a large firm with extensive experience in representing defendant-owners in putative wage and hour collective/class actions. Mr. Voss and Mr. Stokes have worked in the employment law field for a combined 35 years, and have handled numerous FLSA lawsuits similar to the one here. The parties meet the fourth *Wolinsky* factor.

   E.   **The Attorneys' Fees Are Reasonable and Should be Approved**

In addition to reviewing the substantive fairness of the terms of the Agreement, the Court must also make a determination as to the fairness of the attorneys' fees proposed. *Penafiel v. Rincon Ecuatoriano, Inc.*, U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015). Significantly, the attorneys' fees in this matter, as set forth in the Settlement Agreement, are only $100,000. Using Plaintiff's detailed billing records attached as Exhibit 2, which show approximately 399.85 hours of attorney and paralegal time, the effective blended hourly rate here (after expenses are deducted) is $223.35 per hour. This is presumptively a reasonable hourly rate for the S.D.N.Y. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5 (S.D.N.Y. 2015) (approving $450 per hour rate in FLSA


Page 5

settlement.) Moreover, it is substantially less than the lodestar. "There is a 'strong presumption' that the lodestar—'the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate for attorneys and paralegals,'—is reasonable." *Chimbay v. Pizza Plus at State island Ferry, Inc.*, 2016 U.S. Dist. LEXIS 165990 (S.D.N.Y. Dec. 1, 2016) (internal citations omitted).

The amount of time expended, 399.85 hours, is reasonable. While the case settled fairly early during the formal discovery phase of litigation, the parties did conduct substantial informal discovery related to liability and damages, and "courts in this circuit typically award attorneys' fees for pre-filing preparations," *Kahlil v. Original Old Homestead Rest., Inc*, 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009), and "for all time spent on settlement." *Ruiz v. Maidenbaum & Assoc., P.L.L.C.*, 2013 U.S. Dist. LEXIS 109733 (S.D.N.Y. 2013) (holding "[s]ettlement is an important part of an attorney's work on a case, and time spent on such efforts is compensable"). Accordingly, the attorneys' fees here are reasonable and should be approved.

### III. CONCLUSION

For the reasons stated herein, the parties submit that the executed Settlement Agreement is a fair and equitable resolution of a bona fide dispute between Plaintiff and the Opt-In Plaintiffs and the Company, and the proposed fees are appropriate in this case. If the Court finds the Settlement Agreement acceptable, the parties request that Your Honor signs and refiles the signed Stipulation of Dismissal with Prejudice, attached to the Settlement Agreement as Exhibit B.

Respectfully submitted,

Matthew L. Turner

Encl.

cc: All counsel of record via ECF