# Exhibit 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between NAMED PLAINTIFF **JAIME COLON**, on behalf of himself and all Opt-In Plaintiffs, and **LOOMIS ARMORED US, LLC**, ("Loomis," "Defendant," or the "Company") (collectively the "Parties" and each, individually, a "Party").

**WHEREAS**, on or about September 21, 2016, Jaime Colon filed a complaint with the Southern District of New York, captioned *Jaime Colon, and other similarly-situated individuals v. Loomis Armored US, LLC,* Case No. 16-cv-07350 (AKH), alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") and New York Common Law (with its corresponding regulations);

**WHEREAS**, the Court ordered the dismissal without prejudice of Counts I, III, IV, V and VI of the Complaint pursuant to the Stipulation and Order of Dismissal Without Prejudice filed on April 21, 2017. (Doc. 43);

**WHEREAS**, the Court conditionally certified this action as a representative collective action pursuant to the FLSA, pursuant to the Orders Conditionally Certifying Collective filed on May 11, 2017 and June 29, 2017. (Docs. 45, 60);

**WHEREAS**, Two Hundred and Eighty Three individuals filed Consent to Join forms and thereby became Opt-In Plaintiffs in this action;

**WHEREAS**, the Company denies any and all of the allegations of wrongdoing set forth in the Complaint and asserts that it has been compliant with all applicable laws, rules and regulations, including but not limited to the FLSA, NYLL and New York common law (with its corresponding regulations); and

**WHEREAS**, in order to avoid expense and expenditure of time, and without admitting any wrongdoing whatsoever, the Parties wish to fully and finally settle all claims that the Named Plaintiff and Opt-In Plaintiffs may have against the Company, the Company's parents, subsidiaries and affiliates, and the Company's and its parents', subsidiaries', and affiliates' incumbent and former officers, directors, employees, owners, shareholders, investors, agents, successors, assigns, executors and heirs (hereinafter referred to collectively as "Releasees"), including, but not limited to, the claims alleged in the Complaint.

**NOW THEREFORE**, in consideration of the recitals listed above and the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, the Named Plaintiff, individually and on behalf of the Opt-In Plaintiffs, on the one hand, and Defendant, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled, on the following terms and conditions:

1. **Definitions.**

    a. **Action.** The "Action" means the complaint filed by Plaintiff Jaime Colon in the United States District Court for the Southern District of New York, entitled *Jaime Colon, and other similarly-situated individuals, v. Loomis Armored US, LLC,* Case No. 16-CV-07350, as is currently pending.

      **b.**    **Agreement.** "Agreement" refers to the instant Settlement Agreement and General Release.

      **c.**    **Claims.** "Claims" refers to federal and state wage and hour claims that arose from September 20, 2010 to April 19, 2018, including, but not limited to claims under the federal Fair Labor Standards Act and any applicable state wage and hour laws, such as the New York Labor Law.

      **d.**    **Collective Counsel.** "Class Counsel" means Sommers Schwartz, P.C. and JTB Group, LLC.

      **e.**    **Defendant/Loomis/Company.** "Defendant," "Loomis," and "Company" means Loomis Armored US, LLC.

      **f.**    **Defendant's Counsel.** "Defendant's Counsel" means Littler Mendelson, P.C.

      **g.**    **Named Plaintiff.** "Named Plaintiff" means Jaime Colon.

      **h.**    **Opt-In Plaintiffs.** "Opt-In Plaintiffs" means the Opt-In Plaintiffs listed in Exhibit A to the Agreement.

      **i.**    **Parties.** "Parties" means Named Plaintiff, individually and on behalf of all Opt-In Plaintiffs, and Defendant.

      **j.**    **Releasees.** "Releasees" means Defendant, Defendant's parents, subsidiaries and affiliates, and Defendant and its parents', subsidiaries', and affiliates' incumbent and former officers, directors, employees, owners, shareholders, investors, agents, successors, assigns, executors and heirs.

    **2.**    **Complete Agreement.** The Parties agree that this Agreement sets forth the complete terms of the resolution of all proceedings outstanding between them in which either of them has a direct or indirect interest. This Agreement is intended to supersede any and all prior discussions and drafts, and shall alone, without reference to any earlier statements or writings, be deemed to be an accurate and complete statement of the agreement between the Parties. This Agreement's validity and enforceability are not dependent or contingent upon the existence or accuracy of any certifications, representations or warranties not contained in this document.

    **3.**    **Non-Admission.** The Parties are entering into this Agreement solely to avoid the costs and uncertainty of litigation. Neither this Agreement nor anything contained herein shall constitute or be construed as an admission of liability by the Releasees.

    **4.**    **Consideration to Named Plaintiff.** In consideration for entering into this Agreement, in full and complete satisfaction of all actual and potential claims by the Named Plaintiff against any of the Releasees, and in consideration of the Named Plaintiff's dismissal of all actions still pending against the Releasees, if any, the Company shall, within 30 business days of the last to occur of the receipt of (a) the executed Agreement, (b) the executed Stipulation of Voluntary Dismissal With Prejudice attached to the Agreement as Exhibit B, (c) executed W-9

forms from Collective Counsel and the Named Plaintiff and (d) entry of an Order by the Court approving the Settlement Agreement and General Release, issue:

    **a.**     **For Named Plaintiff Jaime Colon:**

        **i.**     One check in the amount of Two Thousand Five Hundred Dollars ($2,500.00), made payable to "Jaime Colon," which shall represent the service award and alleged non-wage based damages allegedly due to Colon, and for which an IRS Form 1099 will be issued. One check for ½ of the settlement funds due to Colon as stated in Exhibit A as reimbursement for unpaid wages, for which a W-2 shall be issued to Colon. Finally, a third check will be issued to Colon for the remaining ½ of the funds due per Exhibit A as liquidated damages for which an IRS form 1099 will be issued.

    **b.**     **For Collective Counsel's Fees and Costs:** One check in the amount of One Hundred Thousand Dollars ($100,000.00), made payable to "Sommers Schwartz, P.C.," which shall represent attorneys' fees and costs related to this Action, and for which an IRS Form 1099 will be issued to Sommers Schwartz, P.C. as required by law.

    **5.**     **Consideration to Opt-In Plaintiffs.** In consideration for entering into this Agreement, in full and complete satisfaction of all actual and potential wage and hour Claims by the Opt-In Plaintiffs against any of the Releasees, the Company shall, within 30 business days of the last to occur of the receipt of (a) the executed Agreement, (b) W-9 forms from Collective Counsel and the Named Plaintiff and (c) entry of an Order by the Court approving the Settlement Agreement and General Release, issue two checks to each of the Opt-In Plaintiffs, payable to the names listed in Exhibit A, in the amounts listed on Exhibit A. Each check shall include ½ of the total amount owed each Opt-In. One check shall represent wages and compensation for which an IRS W-2 form will be issued to each Opt-In Plaintiff. The second check will represent liquidated damages, fees, costs, penalties and interest allegedly due to the Opt-In Plaintiffs, and for which an IRS Form 1099 will be issued to each Opt-In Plaintiff.

All checks issued to Settlement Collective Members shall contain, on the back of the check, the following limited endorsement:

### FINAL RELEASE OF CLAIMS

> I understand that I have up to ninety (90) days from the date I was mailed this Settlement Check to sign and cash this Settlement Check.
>
> I understand that I have consented to join the case entitled *Jaime Colon, and other similarly-situated individuals v. Loomis Armored US, LLC*, Case No. 16-cv-07350, now pending in the United States District Court for the Southern District of New York, and agree to be bound by the Settlement Agreement negotiated by Collective Counsel in that case.
>
> I have received a signed and file stamped copy of the Settlement Agreement and General Release executed by Plaintiff Jaime Colon and Defendant Loomis Armored US, LLC. I have reviewed the Settlement Agreement and General Release and intending to be legally bound by the Settlement Agreement and General Release, I agree and subscribe to

each and every provision in the Settlement Agreement and General Release.

I irrevocably and unconditionally waive, release, extinguish, and forever discharge any Fair Labor Standards Act, New York State Labor Law and/or state wage and hour Claims against the Releasees (which includes, but is not limited to, Loomis Armored US, LLC's and any of its parent, subsidiary, or affiliated entities) for any Claims as defined in the Settlement Agreement.

6. **Taxes**. The Named Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state and local taxes, if any, that are required by law to be paid by him with respect to the above payment in Paragraph 4, and agrees that he will make such payments in accordance with all applicable laws. If any governmental authority audits or challenges the reporting of the payments provided under this Agreement, the Named Plaintiff agrees to cooperate to the full extent requested or necessary in any proceedings before said tax authority.

7. **Full Payment**. Named Plaintiff, on behalf of himself and the Opt-In Plaintiffs, agrees and affirms that the consideration described in Paragraphs 4 and 5 shall constitute the entire amount of consideration provided to the Named Plaintiff and Opt-In Plaintiffs under this Agreement and that they will not seek any further compensation for any other claimed damages, costs, disbursements or attorneys' fees in connection with any of the matters encompassed in this Agreement or in the Complaint (Case No. 16-cv-07350). Further, by signing this Agreement, the Named Plaintiff, on behalf of himself and the Opt-In Plaintiffs, expressly agrees that the Company and the Releasees owes him no wages, payments, damages or benefits relating to or resulting from his claims and allegations that are covered by the terms of this Agreement, except as provided herein.

8. **Acknowledgment of Dismissal of All Complaints**. The Named Plaintiff represents that other than the Complaint referenced above, neither the Named Plaintiff nor the Opt-In Plaintiffs have filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against the Releasees. Regardless, the Named Plaintiff and Opt-In Plaintiffs also agree to take all steps necessary to effectuate the dismissal with prejudice of any other actions pending against the Company or any of the Releasees.

9. **Release of all Claims.**

a. The Named Plaintiff and Opt-In Plaintiffs hereby release and forever discharge Releasees, and all persons acting by, through, under or in concert with any of them, from any and all actions, causes of action, complaints, claims, judgments and liabilities brought pursuant to the Fair Labor Standards Act, New York Labor Law and/or state wage and hour laws, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity (hereinafter "Claims") that they at any time had, claimed to have, or may have regarding any events that occurred at any time up until the date of the execution of this Agreement. This release includes, without limitation, any and all Claims related to or in any manner arising out of the claims and allegations that are covered by the terms of this Agreement. The Named Plaintiff and Opt-In Plaintiffs expressly understand and agree that they are waiving any and all wage and hour Claims that may legally be waived and are discharging Releasees and releasing them from

any and all wage and hour Claims.

    **b.**  The Named and Opt-In Plaintiffs waive any right to become, and promises not to become, a member of any Fair Labor Standards Act, New York Labor Law and/or state wage and hour class or collective in a case in which any claim or claims are asserted against any of the Releasees involving any act or event occurring at any time between September 20, 2010 and April 19, 2018. If any claim is brought on behalf of them pursuant to the Fair Labor Standards Act, New York Labor Law and/or state wage and hour against any of the Releasees involving any events occurring from September 20, 2010 to April 19, 2018, respectively, or if anyone is named as a member of any Fair Labor Standards Act, New York Labor Law and/or state wage and hour class in a case in which any claim or claims are asserted against any of the Releasees involving any events occurring from September 20, 2010 to April 19, 2018, respectively, they shall, upon notice of same, (i) immediately provide the Company with written notification of said claim with complete detail of it, (ii) withdraw in writing and with prejudice from said claim or class, and (iii) forward a copy of his withdrawal to the Company, care of Houston Stokes, Esq., Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022.

    **c.**  The Parties agree for settlement purposes only that, because the Opt-In Plaintiffs are numerous, it is impracticable to have each Opt-In Plaintiff execute this Agreement. Accordingly, the Settlement Check will advise all Opt-In Plaintiffs of the binding nature of the Settlement Agreement and General Release, and will enclose to each Opt-In Plaintiff a signed and file stamped copy of the Settlement Agreement and General Release executed by Plaintiff Jaime Colon and Defendant Loomis Armored US, LLC, and such notice shall have the same force and effect as if the Agreement were executed by each Opt-In Plaintiff.

  **10.**  **Breach of Agreement.** Breach of any of the provisions of this Agreement by the Named Plaintiff or Loomis shall be deemed a material breach.

  **11.**  **Severable Provisions.** In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby. Further, if any provision of this Agreement is deemed invalid, illegal or unenforceable, such provision shall be reformed and enforced to the maximum extent possible under law.

  **12.**  **Applicable Law.** This Agreement shall in all respects be interpreted, enforced, governed and construed by and under the laws of the State of New York, without regard to principles of conflicts of laws. The Parties hereby consent to the exclusive jurisdiction of the courts of the State of New York in the County of New York, and the United States District Court for the Southern District of New York, as well as to the jurisdiction of all courts to which an appeal may be taken or other review sought from the aforesaid courts, for the purpose of any suit, action or other proceeding arising out of any of the Parties' obligations under or with respect to the Agreement.

  **13.**  **Binding Agreement and Modifications.** The Parties understand that following their execution of this Agreement, it shall be final and binding. This Agreement may not be altered, amended, modified or otherwise changed, except by a writing duly executed by the Parties, or their authorized representatives. Accordingly, each of the Parties acknowledges and agrees that it will not make any claim that this Agreement has been orally altered or modified in any respect whatsoever.

14. **Permanence of Agreement.** This Agreement shall be binding upon and inure to the benefit of the respective legal representatives, successors, heirs, and assigns of the Parties hereto to the extent permitted by law.

15. **Counterpart Execution Permissible.** This Agreement may be signed in counterparts, each of which when so signed shall be deemed an original and all such counterparts together shall constitute one and the same document. A PDF or facsimile copy shall have the same effect as an original.

16. **Interpretation of Agreement.** The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the Party who prepared the Agreement, as all Parties have fully participated in the preparation of all provisions of this Agreement.

17. **Headings.** The headings provided for each paragraph in this Agreement are for the convenience of the Parties, and are not intended to modify the terms of the Agreement and shall not be deemed to be part of the Agreement for purposes of interpreting the contents of each paragraph.

18. **Knowing and Voluntary Agreement.** The Named Plaintiff agrees and affirms that:

   a. He has carefully read and fully understand all of the provisions of this Agreement;

   b. He was advised and hereby is advised to consider carefully the terms of this Agreement and to consult with an attorney prior to signing this Agreement;

   c. This Agreement is legally binding, and by signing it, they understand that he is giving up certain rights;

   d. Other than what is provided for in this Agreement, he has received all compensation due and, except as specifically provided in this Agreement, none of the Releasees owe him any compensation, benefit, payment or remuneration of any kind or nature;

   e. No promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce this Agreement, and they have not been forced or pressured in any way to sign this Agreement; and

   f. He knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

[REST OF THE PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties subscribe to each and every provision of this Agreement.

On behalf of himself and all Opt-in Plaintiffs:

_____  　　　　　 ___6/21/18___
JAIME COLON　　　　　　　　　　　　　　　Date

On this 21 day of June, 2018, before me, the undersigned, appeared **JAIME COLON** personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

MANDI R CRISCI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CR6369231
Qualified in Ulster County
My Commission Expires 01-02-2022

**LOOMIS ARMORED US, LLC**
By: _____　　　___6/29/18___
　　　　　　　　　　　　　　　　　　　　　Date

Title: SVP - ADMINISTRATION

# Exhibit A

| Employee | Damages |
|---|---|
| Leonard Maietta (Highland, NY) | $1,237.76 |
| Robert Smith (Matthews, NC) | $475.00 |
| Anner Ivan Bardale (Orlando, FL) | $602.97 |
| Raul H. Estader (Kissimmee, FL) | $343.26 |
| Tyrone D. Henry Sr. (Orlando, FL) | $94.32 |
| Ryan L. Newlon (Lady Lake, FL) | $475.00 |
| Rich O'Donnel (Orlando, FL) | $475.00 |
| Carlos Lamont Alsbrooks (Charlotts, NC) | $762.45 |
| Cavan Anderson (Port Orange, FL) | $143.52 |
| Aaron Beauchamp (Morrisville, MO) | $475.00 |
| Leland Bickerstaff (Centerton, AR) | $516.16 |
| Jason Edward Carrigan (Mount Holly, NC) | $459.90 |
| Sean Colegrove (Londonderry, NH) | $166.09 |
| Joseph Collier (Burke, VA) | $561.21 |
| Antvan D. Cox (Wichita, KS) | $100.00 |
| Matthew Curbelo (Naples, FL) | $475.00 |
| Ricky Lee Enochs (Kansas City, KS) | $475.00 |
| Edward Byron David Foote (Overland Park, KS) | $118.50 |
| Daniel J. Furr (Shelby, NC) | $703.22 |
| Phillip Wayne Greer (Graysville, AL) | $1,089.88 |
| Angelo Hampton (North Little Rock, AR) | $475.00 |
| Jordan C. Harris (Douglasville, CT) | $74.20 |
| Kevin J. Haun (Nampa, ID) | $479.59 |
| Arnold S. Heiser (Meridian, ID) | $475.00 |
| Alan Hobbs (Wilmington, NC) | $475.00 |
| Wallace A. Jones, Jr. (North Chesterfield, VA) | $611.39 |
| James M. Kelty (Taylors, SC) | $475.00 |
| Charles M. Lockridge (Leeds, AL) | $236.12 |
| Orlando J. Martinez (Miami, FL) | $2,653.24 |
| Gerry L. Parker (Camdenton, MO) | $475.00 |
| Michael L. Phason (Fayetteville, NC) | $2,667.84 |
| Robert N. Reames (Mount Holly, NC) | $475.00 |
| Jonathan Corderos Reid (Charlotte, NC) | $475.00 |
| Eric Seminoff (Townsend, MA) | $2,590.21 |
| Ronald Shelton (Charlotte, NC) | $280.79 |
| Samuel A. Tew (Dunn, NC) | $356.54 |
| Dominique Thompson (Charlotte, NC) | $475.00 |
| Joey Allan Venem (Meridian, ID) | $129.36 |
| Eric White (Orlando, FL) | $475.00 |
| Chad S. Yeary (Ocala, FL) | $475.00 |
| Alberto J. Zwaznabar (Oklahoma City, OK) | $860.66 |
| William Alicia (Savannah, GA) | $3,058.30 |
| Darrol Wayne Back (Springfield, MO) | $301.97 |
| Stacey D. Barnes (Wilson, NC) | $504.40 |
| Robert Lee Bay (Joplin, MO) | $475.00 |
| Antonio Brown (St. Louis, MO) | $3,838.78 |
| Shannon Neal Brown (Dudley, NC) | $1,450.67 |
| Shawn Cissell (Ballwin, MO) | $2,307.14 |
| James Brian Cordes (Hanceville, AL) | $928.44 |
| Derek Duguay (Athol, MA) | $660.42 |
| Daniel Freeman Jr. (Millstadt, IL) | $403.41 |
| Scott Gardner (Haysville, KS) | $300.42 |
| Sherrie Hamilton (Hanover, VA) | $475.00 |
| Leo Hapeman (Springdale, AR) | $1,029.98 |

| | |
|---|---|
| Stephen Henderson (Knoxville, TN) | $425.83 |
| Reuben C. Jones (Gallatin, TN) | $167.50 |
| Marcus D. Jordan (Charlotte, NC) | $952.01 |
| Daniel Kimbrough (Birmingham, AL) | $475.00 |
| Klayton Korstengs (Nampa, ID) | $212.76 |
| Leslie D. Lee (Arlington, TX) | $223.15 |
| Furqan Mehmud (Fitchburg, MA) | $1,163.31 |
| Mark Mellinger (Fayetteville, AR) | $1,831.50 |
| John C. Miller (Depew, NY) | $475.00 |
| Maurice Moncure (Crystal Springs, MS) | $475.00 |
| Reggie A. Moss (Charlotte, NC) | $434.89 |
| Derek Payne (Abingdon, VA) | $654.75 |
| Jordan Perry (Oklahoma City, OK) | $18,629.37 |
| Sammuel J. Rogers (Scottsville, VA) | $475.00 |
| Corey Satterfield (Mebane, NC) | $1,928.16 |
| James Casey Stewart (Richland, MS) | $475.00 |
| Avory Taylor (Wake Forest, NC) | $313.95 |
| Tommy E. Turner (Loris, SC) | $475.00 |
| Joel Vejar (Charlotte, NC) | $4,451.88 |
| Joseph J. Vendelli Jr. (Hagerstown, MD) | $475.00 |
| Sean Blauchette (Leominstar, MA) | $386.87 |
| James O. Bowers (Raleigh, NC) | $1,007.45 |
| Kenneth Chambers (Arlington, TN) | $241.92 |
| Spencer Donoven (Webster, MA) | $1,177.90 |
| Gregory Farrior (Raleigh, NC) | $251.08 |
| John E. Mierek (Sherrill, NY) | $475.00 |
| Jontavia Myankazt (Charlotte, NC) | $229.96 |
| Ryan Voliva (New Bern, NC) | $475.00 |
| Philip L. Woods II (Palos Hills, IL) | $6,152.78 |
| Edward Arnold Acker, Jr. (Slidell, LA) | $475.00 |
| Lucien Alamo-Rogue (Saint Cloud, FL) | $523.87 |
| Paul H. Clark Jr. (Okmulgee, OK) | $475.00 |
| Torrance T. Davis (Charlotte, NC) | $1,867.23 |
| Cynthia S. Dove (Fayetteville, NC) | $283.02 |
| Cameron Blake Durham (Galivants Ferry, SC) | $475.00 |
| Kent L. Edwards (Fayetteville, NC) | $1,037.76 |
| Alex Garrett (Fayetteville, AR) | $1,748.52 |
| William Gonyer (Pickerington, OH) | $475.00 |
| Tonia Harrison (Kansas City, MO) | $475.00 |
| Carl Housewright (Kingsport, TN) | $119.93 |
| Joshua Hugine (Yukon, OK) | $340.80 |
| Devin Johnson (Knightdale, NC) | $200.48 |
| Laurence B. King (Worcester, MA) | $8,612.02 |
| Richard W. Lata (Wichita, KS) | $475.00 |
| Clifford D. Little (Choctaw, OK) | $475.00 |
| Joaquin E. Lopez III (Lincolnton, NC) | $1,143.70 |
| Salvador Manzd (Idaho City, ID) | $475.00 |
| Shamekia Melvin (Garland, NC) | $5,918.55 |
| Charlie Miles III (Little Rock, AR) | $475.00 |
| LaQuan Moore (Midwest City, OK) | $475.00 |
| Catherine H. Newton (Concord, NC) | $335.42 |
| Steven R. Nicholson (Bladendro, NC) | $143.45 |
| Christina Penick (El Reno, OR) | $475.00 |
| Ronald Perkins (St. Louis, MO) | $961.78 |
| Ryan Quilling (Kenosha, WI) | $95.00 |

| Name | Amount |
|---|---|
| Wally Rodriguez (New York, NY) | $547.69 |
| Cody Summerhays (Midvale, UT) | $475.00 |
| Tramell Taylor (Birmingham, AL) | $475.00 |
| Matthew Theuerkauf (Freeburg, IL) | $883.41 |
| Gregory Allan Thomas (Zebulon, NC) | $1,633.49 |
| Darrielle Washington (New Orleans, LA) | $475.00 |
| Gregory A. Willett (Wilmington, NC) | $475.00 |
| James H. Woodley Jr. (Jasper, AL) | $475.00 |
| Micheal D. Anderson (Fayette, MS) | $475.00 |
| Craig R. Brigole (Salisbury, NC) | $475.00 |
| Joseph Charles (Stratford, CT) | $475.00 |
| John David Darnell (Coaling, AL) | $475.00 |
| Fillmore, Matthew (Fayetteville, AR) | $475.00 |
| Andre Lois Gonzalez (Ocala, FL) | $475.00 |
| Henry Jones (Concord, NC) | $876.49 |
| Ryan Leonard (Shrewsbury, MA) | $150.74 |
| Steven McBride (Memphis, TN) | $475.00 |
| Durrell McHenry (N.L.R., AL) | $407.07 |
| Nathan L. Oakes (Winchendon, MA) | $7,796.33 |
| Michael Pearsall (Marvin, NC) | $340.59 |
| Joseph M. Perez (Worrester, MA) | $516.37 |
| Dennis Rodriguez (Orlando, FL) | $30.75 |
| David Serrania (Virginia Gardens, FL) | $734.51 |
| Terrell W. Sims (Wichita, KS) | $839.94 |
| Michael E. Smith (Charlotte, NC) | $67.87 |
| Eric Terreri (Guilford, CT) | $475.00 |
| Carlton Alfred White (Lawrinburg, NC) | $335.83 |
| Tommy R. Brumlow (Anthony, NM) | $475.00 |
| Josiah Faris (Kennard, TX) | $202.32 |
| Linda Renee Hicks (Cary, NC) | $1,634.67 |
| Stanley M. Oldakowski (Barre, MA) | $4,530.23 |
| Jason C. Pennington (Blountsville, AL) | $475.00 |
| Arthut Pryor (Cary, NC) | $475.00 |
| Julius Seawright (Charlotte, NC) | $641.34 |
| Marreith Bazemore (Charlotte, NC) | $1,332.77 |
| Kenneth N. Brooks (Charlotte, NC) | $370.49 |
| Willie J. Carpenter Jr. (Memphis, TN) | $475.00 |
| Wilber Carraway III (Charlotte, NC) | $1,717.54 |
| Ryli M. Carter (St. Charles, MO) | $1,375.62 |
| Steven Church (St. Louis, MO) | $3,110.28 |
| Nicholas De Lair (Agawam, MA) | $475.00 |
| Andrew L. Dockery (Fayetteville, NC) | $475.00 |
| Bernard Frye Jr. (Montgomery, AL) | $475.00 |
| John Hagerty (Haskell, AR) | $379.82 |
| Thomas J. Hodges (Ogden, VT) | $1,380.36 |
| Joseph Hoffman (Mount Pleasant, SC) | $475.00 |
| Roger F. Hooper (Memphis, TN) | $475.00 |
| Derrick Jackson (Charlotte, NC) | $475.00 |
| Tybove Jones (Florissant, MO) | $2,068.44 |
| Patrick Kowalewski (Tully, NY) | $475.00 |
| Ronald Lane (West Springfield, MA) | $240.20 |
| Brandon Matthews (Saint Louis, MO) | $60.76 |
| Walter C. McLaine (Charlotte, NC) | $209.29 |
| Michael Norwood (Kings Mountain, NC) | $326.46 |
| Samuel Othman (Wichita, KS) | $1,693.80 |

| Name | Amount |
|---|---|
| Kenny Purcell (Woosocket, RI) | $475.00 |
| Edward Robinson (Montgomery, AL) | $1,001.52 |
| Freddir Sapp (Charlotte, NC) | $311.60 |
| Mike Shrader (Tulsa, OK) | $475.00 |
| Steven R. Tenny (Boise, ID) | $608.08 |
| Carlton Alfred White (Laurinburg, NC) | $708.08 |
| Thomas Taylor (Vicksburg, MS) | $475.00 |
| Timmothy Adams (Webster, MA) | $1,670.12 |
| William Harris (Kansas City, MO) | $115.00 |
| Stephanie Kennedy (Tarbow, NC) | $263.97 |
| Ivan Marban (The Colony, TX) | $475.00 |
| Harry D. Schwenz (Myrtle Beach , SC) | $641.79 |
| Mark K. Victor (Fort Worth, TX) | $475.00 |
| Charles E. Coleman (Fayetteville, NC) | $2,611.89 |
| Thomas J. DeCarb (Myrtle Beach, SC) | $628.96 |
| Rev. Kenneth Daniel Dunn (Erwin, TN) | $412.42 |
| Estafford Lewis (Owings Mills, MD) | $83.38 |
| Carlos A. Perez (St. Cloud, FL) | $237.81 |
| Kevin Rodd (Deerfield, NH) | $475.00 |
| Johnnie Ware (West Memphis, AR) | $475.00 |
| Travis C. Banks (Byram, MS) | $475.00 |
| Daniel V. Beckwith (Mexico, NY) | $115.75 |
| John A. Dipaola (Rochester, NY) | $475.00 |
| Jason Freeman (Oklahoma City, OK) | $387.31 |
| Donell Glover (Anderson, SC) | $475.00 |
| James C. Goode III (Hueytown, AL) | $501.46 |
| Harvey E. Richards, Jr. (Kuna, ID) | $475.00 |
| Matthew J. Ridley (Gardner, MA) | $11.80 |
| Matthew A. Schlichtig (St. Charles, MO) | $475.00 |
| Kevin D. Stephens (Benton, AR) | $475.00 |
| Lorenzo Torres (Mooresville, NC) | $330.40 |
| Malik Knight (Raleigh, NC) | $373.62 |
| Andrew Stemm (Springfield, MO) | $176.31 |
| Robert F. Vallejos (York, SC) | $341.97 |
| Jeffrey W. Andrews (Fayetteville, NC) | $1,696.87 |
| Martellis Bell (Kings Mountain, NC) | $798.60 |
| Eric T. Bronson (Charlotte, NC) | $475.00 |
| Abdoulie Batchilly (College Park, GA) | $475.00 |
| Mark Farman (Beverly Hills, FL) | $87.91 |
| Efrain Garcia (Miami, FL) | $475.00 |
| Steven Ray Johnston (Spring Lake, NC) | $975.08 |
| Jason Lesperance (Gastonia, NC) | $475.00 |
| Randy Marine (Odenville, AL) | $475.00 |
| Craig R. Abbott (Morrisville, NC) | $577.11 |
| Eric K. Gomes (Brigham City, UT) | $493.22 |
| Alex Moats (Wichita, KS) | $475.00 |
| Trevon R. Conyers (Rocky Mount, NC) | $590.05 |
| Carlos Miguel Figueroa (Orlando, FL) | $157.80 |
| Juan Gallardo (St. Louis, MO) | $959.23 |
| Andrew Michael Hirsch (Nixa, MO) | $128.95 |
| Steven Lawrence (Charlotte, NC) | $475.00 |
| George Lukes (Worcester, MA) | $800.43 |
| Patricia A. Morris (Ocala, FL) | $64.24 |
| Zachary Pincheon (Springfield, MO) | $275.98 |
| Robert White (Lake Wylie, SC) | $408.09 |

| | |
|---|---|
| Carlos A. Gonzales (Midland, TX) | $475.00 |
| Rakeem Mulligan (Kamapolis, NC) | $475.00 |
| Rossi D. Carr (Bossier City, LA) | $475.00 |
| Troy Cooke (Richmond, VA) | $475.00 |
| Leonard Parnther (Pensacola, FL) | $475.00 |
| David Grant Plowman (Fountain, CA) | $445.26 |
| Brandon Shoemakes (Belmont, NC) | $382.95 |
| Orville E. Box, Jr. (Oklahoma City, OK) | $125.43 |
| Joshua Coleman (Charlotte, NC) | $1,990.50 |
| Adam L. Derden (Pinson, AL) | $2,683.33 |
| Matthew Ezell (Stanley, NC) | $1,494.62 |
| Joshua L. Finley (Oklahoma City, OK) | $78.52 |
| Robyn B. Gladwell (Grand Junction, CO) | $2,478.76 |
| William Henry Gray Junior (Rocky Mount, NC) | $1,285.96 |
| Hayden, Ondel (Orlando, FL) | $2,198.75 |
| Derek Johnson (Kannopolis, NC) | $475.00 |
| Martez A. Jones, Sr. (Wendell, NC) | $227.51 |
| Barny Pratt (Raleigh, NC) | $37,525.00 |
| Eli Pupavatz (Matthews, NC) | $475.00 |
| Benjamin Rebiker (Winchendon, MA) | $84.00 |
| Chad Michael Roussell (Edgard, LA) | $104.99 |
| Dustin B. Smith (Homewood, AL) | $152.00 |
| Monia Williams (Horn Lake, MA) | $229.95 |
| Justine Patterson (Huntersville, NC) | $408.80 |
| Mario Adams (Memphis, TN) | $475.00 |
| Anthony P. Combs (West Valley, UT) | $475.00 |
| Joshua Alley (Auburn, MA) | $5,133.48 |
| Nicholas Alberino (Fenton, MO) | $126.00 |
| Christopher Alexander (Natchez, MS) | $475.00 |
| Clint Brooks (Oklahoma City, OK) | $128.64 |
| John L. Jones (Springfield, MO) | $361.16 |
| Safaunda Nelson (Memphis, TN) | $475.00 |
| Martin Powers (Southern, MS) | $475.00 |
| Jay R. Sherrod III (Charlotte, NC) | $681.75 |
| Bacon Tate (Charlotte, NC) | $1,163.94 |
| Danny Fainuu (Independence, MO) | $475.00 |
| Robert Horn (Lebanon, OR) | $475.00 |
| Scott Sutton (Irving, TX) | $882.95 |
| Jesse Villanueva, Jr. (Arlington, TX) | $475.00 |
| Dennis L. Wilson (Cary, NC) | $3,082.36 |
| Fletcher Colin Davis, Jr. (Apex, NC) | $475.00 |
| Jarrod Peterson (Charlotte, NC) | $1,085.44 |
| Morris J. Gordon (Rock Hill, SC) | $475.00 |
| Adam J. Swank (Fzorissant, MO) | $476.69 |
| Randy Jackson (Pine Bluff, AR) | $475.00 |
| Matthews Phllips (Chicopee, MA) | $475.00 |
| Franoe Bouquet | $521.24 |
| Candy Cortez (California) | $475.00 |
| Joseph Hall (Tennessee) | $475.00 |
| Byron Letendre | $2,280.65 |
| Joseph E. Vinci | $388.67 |
| Justin R. McGraw | $475.00 |
| Ernest Atkins | $475.00 |
| Michael Dellolio | $604.19 |
| Steven Bariletti | $2,325.97 |

| | |
|---|---:|
| Trevor Grieco | $475.00 |
| Michael Hernandez | $475.00 |
| Janest Pelosi | $3,364.66 |
| Brandon Reischer | $4,054.55 |
| Sarina Stanford | $600.21 |
| Jeffrey Munz (Tennessee) | $248.66 |
| Keith Lowndes | $531.17 |
| Nicholas Bogart | $1,709.44 |
| Leonard Maietta | $1,237.76 |
| Jamie Colon | $5,078.72 |
| **GRAND TOTAL:** | **$291,563.58** |

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JAIME COLON, and other similarly-situated individuals,

                       Plaintiff,

-against-

LOOMIS ARMORED US, LLC,

                       Defendant.

16-cv-07350(AKH)

**STIPULATION OF VOLUNTARY**
**DISMISSAL WITH PREJUDICE**

---

IT IS HEREBY STIPULATED pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Jaime Colon, on behalf of himself and all Opt-in Plaintiffs (collectively, "Plaintiffs") and Defendant Loomis Armored US, LLC, by and through their counsel of record, stipulate that Plaintiffs hereby voluntarily dismiss this action in its entirety and with prejudice.

Date: New York, New York
       June 29, 2018

SOMMERS SCHWARTZ, P.C.

_____
Matthew L. Turner
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
*Attorneys for Plaintiff*

LITTLER MENDELSON P.C.

_____
Houston Stokes
900 Third Avenue
New York, New York 10022-3298
Tel.: (212) 583-9600
Email: hstokes@littler.com
*Attorneys for Defendant*

SO ORDERED

Dated: New York, New York
_____, 2018

                                                 _____
                                               Hon. Alvin K. Hellerstein
                                               United States District Judge